LENNIA BLANZ v. ERIE RAILROAD COMPANY.

Submitted December 6, 1912—Decided March 1, 1913.

Under the Workmen's Compensation act of 1911, compensation may be awarded to a mother who is an actual dependent upon a deceased son, although the son leaves no widow.

On *certiorari* to Bergen Common Pleas.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *John A. Bernhard* and *Benjamin F. Jones.*

For the defendant, *Collins & Corbin* (*George S. Hobart* on the brief).

The opinion of the court was delivered by

SWAYZE, J. As we understand the stipulation in this case, the only question before us is whether compensation under the Workmen's Compensation act of 1911 (*Pamph. L., p.* 134) can be awarded to a mother of the deceased employe where he has left no widow. The judge of the Common Pleas held that subdivision 1, of section 12, of the act—that relating to actual dependents—did not apply and that judgment could only be entered under subdivision 2, that relating to a case where there are no dependents. He therefore ordered judgment against the defendant for the sum of $200 only. The question whether the mother in this case was an actual dependent is reserved by the stipulations and open to further litigation upon the reversal of the present judgment.

It is true, as counsel urge, that no specific amount is fixed by way of compensation to the mother where the decedent leaves no widow. From this omission they argue that no compensation can be awarded in this case. This argument is based upon a narrow reading of the section, and takes into

account only the words "if widow and father or mother, fifty per centum of wages." If we look at the section more broadly and as a whole, it appears that it provides that "in case of death compensation shall be computed, but not distributed on the following basis: (1) Actual dependents;" then follows the schedule fixing specific percentages in the specified cases. The object of the section, however, clearly was to award compensation to actual dependents. It contains language apt for that purpose and it contains no language which expressly excludes the mother where there is no widow, provided, of course, that she is an actual dependent. The particular schedule and the percentages specified are as the statute says, intended as a basis for the computation. The right to compensation of actual dependents is fixed by the earlier words of the statute. If the schedule affords no basis for the computation, the right to compensation may fail, but that is not the present case. A basis of computation in the case of a mother alone is found in the fact that twenty-five per cent. of the wages is to be awarded where there is a widow alone and fifty per cent. where there is a widow and father or mother. A comparison of these two clauses leads almost irresistibly to the conclusion that the intent of the legislature was to allow a compensation of twenty-five per cent. where there was a mother alone or a father alone. Such a construction is in harmony with the general scope of the section, since it provides for a father or mother and does not leave them without provision in a remedial statute where grandparents and brothers or sisters are specifically provided for. It would be absurd to construe the act, which by its very language secures compensation to actual dependents, in such a way as to give that compensation to more remote relatives and not to nearer relatives. We can think of no reason that would justify such an exclusion. That it was not intended is indicated by the fact that express provision is made for the father or mother where there is a widow. The legislature cannot have meant to provide for compensation where the decedent was under the double obligation to wife and parent and to deny it when he was only under the single obligation to father or mother. We

realize the danger of attempting to read into an act of the legislature words that are not there. We have not done so since we base the right to compensation upon the words "actual dependents." We may upon legal principles read into the basis of computation words that are essential to effectuate the main intent. In *Eyston* v. *Studd, Plowd.* 467, cited in 9 *Bac. Abr.,* statutes 1, 6, it was held that a statute giving a remedy against executors might be extended by an equitable construction to administrators, because they were within the equity of the statute. This has been followed and applied in our courts in *Hoguet* v. *Wallace,* 4 *Dutcher* 523, in which Chief Justice Whelpley collects the early authorities, and the principle has recently been applied by the Court of Errors and Appeals in *State* v. *Alderman,* 52 *Vroom* 549, in which it was held that a statute forbidding objections to an indictment for defects apparent on its face unless taken before the jury was sworn, applied to a case where the defendant pleaded *nolo contendere* in which therefore no jury could be sworn.

We think that the present case is within the remedy of the statute, and that if the mother was an actual dependent she would, upon proof of the other necessary facts, be entitled to twenty-five per centum of the wages for the number of weeks fixed by the statute. This results in a reversal of the judgment. The record must be remitted to the Common Pleas for further proceedings.