MARY · QUINLAN, ADMINISTRATRIX, &c., OF MICHAEL J. QUINLAN, DECEASED, PROSECUTOR, v. BARBER ASPHALT PAVING COMPANY, A CORPORATION, DEFENDANT IN CERTIORARI.

Submitted March 20, 1913—Decided June 11, 1913.

Under section 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 139), where the decedent left no widow, but did leave a mother who was actually dependent upon him, compensation should be computed on the basis of twenty-five per cent. of his wages for the number of weeks fixed by the statute, with due regard to the maximum and minimum amounts also fixed by the statute.

---

On *certiorari.*

Before Justices TRENCHARD, PARKER and VOORHEES.

For the prosecutor, *Thomas Brown.*

For the defendant, *Samuel Kalisch, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.   On June 28th, 1912, Michael J. Quinlan was killed by accident arising out of and in the course of his employment by the Barber Asphalt Paving Company.   His administratrix petitioned the judge of the Court of Common Pleas of the county of Camden to compute and award the compensation to be paid by his employer under section 12 of the Workmen's Compensation act.   *Pamph. L.* 1911, *p.* 139.

The judge found that the decedent left no widow, but did leave a mother and brothers and sisters, and that the mother was an "actual dependent" upon the decedent.   But the learned judge held that, since the decedent left no widow, subdivision 1 of section 12 of the act (that relating to actual dependents) did not apply, and that judgment could only be entered under subdivision 2 (that relating to a case where there are no dependents).   He therefore awarded judgment against the defendant for the sum of $200 only.

That was erroneous.   Since the rendition of that judgment this court has held that where, as here, the decedent left no widow, but did leave a mother who was actually dependent upon him, compensation should be computed on the basis of twenty-five per cent. of his wages for the number of weeks fixed by the statute, with due regard to the maximum and minimum amounts also fixed by the statute.   *Blanz* v. *Erie Railroad Co., ante p.* 35.

To effect this modification the judgment will be reversed and the record remitted to the Common Pleas.

The prosecutor will be allowed costs.