LAWRENCE REARDON, RESPONDENT, v. PHILADELPHIA AND READING RAILWAY COMPANY, PROSECUTOR.

Submitted July 3, 1913—Decided November 20, 1913.

1. Under paragraph 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 139), where decedent leaves no widow, but does leave a father who was actually dependent upon him, compensation should be computed on a basis of twenty-five per cent. of his wages for the number of weeks fixed by the statute, with due regard to the maximum and minimum amounts also fixed by the statute.

2. In a proceeding to recover compensation for death under paragraph 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 139), proof that prior to and up to the time of his death the decedent gave his earnings to his father and that the father had no other income or means of support, justifies a finding that the father was an actual dependent of the decedent.

---

On *certiorari*.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *John F. Reger*.

For the respondent, *Thomas Brown*.

The opinion of the court was delivered by

TRENCHARD, J.   On June 12th, 1912, Stephen Reardon was killed by accident arising out of and in the course of his employment by the Philadelphia and Reading Railway Company.   Lawrence Reardon, his father and administrator, pe-

titioned the Court of Common Pleas of Middlesex county to compute the compensation to be paid under paragraph 12 of the Workmen's Compensation act. *Pamph. L.* 1911, *p.* 139.

After hearing the evidence the judge found that the deceased employe had never married; that he died intestate leaving him surviving his father and mother, and two brothers and a sister; and that his father was actually dependent upon him. The judge then computed compensation on the basis of twenty-five per cent. of decedent's wages for the number of weeks fixed by the statute and awarded judgment accordingly.

The railroad company, by this writ, brings that judgment here for review.

The first objection urged is that since the decedent left no widow the compensation should have been limited to $200. Not so. Under paragraph 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 139), where decedent leaves no widow, but does leave a father who was actually dependent upon him, compensation should be computed on the basis of twenty-five per cent. of his wages for the number of weeks fixed by the statute with due regard to the maximum and minimum amounts also fixed by the statute. *Blanz* v. *Erie Railroad Co.,* 55 *Vroom* 35; affirmed in Court of Errors and Appeals, *post p.* 371; *Quinlan* v. *Barber Asphalt Paving Co.,* 55 *Vroom* 510; *McFarland* v. *Central Railroad Co., Id.* 435; *Tischman* v. *Central Railroad Co., Id.* 527.

The next objection is that the evidence did not justify the finding of the trial judge that the father was an actual dependent of the decedent at the time of his death. We think it did. The undisputed testimony was that prior to and up to the time of his death the decedent gave his earnings to his father, and that the father had no other income or means of support.

The judgment below will be affirmed, with costs.